UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24777-BLOOM/Louis

KIM E. BULLARD,

    Plaintiff,
v.

MIAMI-DADE COUNTY VALUE
ADJUSTMENT BOARD,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Miami-Dade County Value Adjustment Board's ("VAB" or "Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [16] ("Motion"). Plaintiff Kim E. Bullard ("Plaintiff"), who is proceeding *pro se*, has filed an untimely Response. Nevertheless, the Court has carefully considered the Motion, the Plaintiff's Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

In the Complaint, ECF No. [1], Plaintiff alleges that the VAB intentionally increased Plaintiff's property tax assessment in order to keep him from getting his 2020 senior citizen benefits, allegedly motivated by racism, conspiracy, and embezzling. As a result, Plaintiff requests punitive damages. In the Motion, the VAB requests dismissal of the Complaint on the basis that this Court lacks subject matter jurisdiction, and that the Complaint fails to state a claim.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a

party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp 2d 1256, 1264 (S.D. Fla. 2004) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8," *Sanders v. United States*, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ.") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Even so, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's

competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016) ) (internal quotations omitted). Here, Plaintiff asserts no basis for this Court's exercise of jurisdiction in the Complaint, nor can the Court discern one. As a result, jurisdiction in this case is lacking under all three grounds.

Although the Plaintiff makes reference to racism and conspiracy, the court cannot exercise jurisdiction based on such vague references that do not implicate a federal statute or constitutional right. *See Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010) (noting that to satisfy federal question subject matter jurisdiction, a plaintiff's

Case No. 19-cv-24777-BLOOM/Louis

complaint "must claim a right to recover under the Constitution and laws of the United States" and "a mere incantation that the cause of action involves a federal question is not always sufficient" (quoting *Bell v. Hood,* 327 U.S. 678, 681 (1946) and *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980))).

In addition, the Complaint does not contain sufficient allegations to invoke the Court's diversity jurisdiction. The diversity jurisdiction statute applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . .; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Here, Plaintiff has included no allegations regarding the citizenship of the parties such that the Court may determine that complete diversity exists.

Accordingly, the Court must dismiss the Complaint for lack of subject matter jurisdiction, and the Court does not consider the VAB's remaining argument. It is therefore **ORDERED AND ADJUDGED** that the Motion, **ECF No. [16]**, is **GRANTED** and the Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. To the extent that Plaintiff can in good faith allege a sufficient basis for this Court to exercise jurisdiction, Plaintiff may file an amended complaint, **on or before February 21, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 12, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Kim E. Bullard, *pro se*
4321 NW 196 Street
Miami, Florida 33055